IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN G. BENNETT,

        Plaintiff,

v.   No. 16cv134 RJ/CG

CRISTINA BENNETT and
the INTERNAL REVENUE SERVICE,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*

**THIS MATTER** comes before the Court on *pro se* Plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)*, Doc. 2, filed February 23, 2016 ("First Application"), and on Plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs*, Doc. 6, filed March 3, 2016 ("Second Application"). For the reasons stated below, the Court will **GRANT** Plaintiff's Second Application and **DENY** Plaintiff's First Application as moot.

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, No. 09-3186, 09-3202, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in*

*forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).  "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...."  *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  *Id.* at 339.

Plaintiff filed his First Application using the Short Form.  The Court notified Plaintiff that the Court now requires plaintiffs seeking to proceed without prepaying fees to use the Long Form and sent Plaintiff a Long Form Application.  *See* Order to Cure Deficiency, Doc. 4.  Plaintiff then filed his Second Application, but did not use the Long Form.  The Court will consider Plaintiff's Second Application, despite not being a Long Form application, because it contains sufficient information for the Court to determine whether Plaintiff is unable to pay the fees and costs of these proceedings.

The Court will grant Plaintiff's Second Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff states that: (i) he makes $12.00/hour when work is available, and that he averaged $2,000.00/month during March through December, 2015; (ii) his monthly expenses are approximately $1,500.00; (iii) his bank accounts have been frozen by the Attorney General of the State of Texas who asserts that Plaintiff owes over $115,000.00 in unpaid child support; and (iv) his current wife, whom he married in June 2015, makes $17.60/hour, pays her own bills, and is not obligated to pay his debts.  The Court finds that Plaintiff is unable to prepay the fees to

initiate this action because his monthly expenses are approximately equal to his monthly income.[1]  Because it is granting Plaintiff's Second Application, the Court will deny Plaintiff's First Application as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 6, filed March 3, 2016, is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed February 23, 2016, is **DENIED as moot.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court finds that his monthly income of $2,000.00 is approximately equal to his monthly expenses of $1,500.00 because his hourly pay of $12.00/hour appears to be pre-tax, and because he indicates that he only gets paid when work is available.