IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN G. BENNETT,

        Plaintiff,

v.                                                        No. 16cv134 RJ/CG

CRISTINA BENNETT and
the INTERNAL REVENUE SERVICE,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed February 23, 2016. For the reasons stated below, the Court will **DISMISS** Plaintiff's Complaint **without prejudice**. Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Dismissal of Proceedings *In Forma Pauperis***

The Court granted Plaintiff's motion to proceed *in forma pauperis*. *See* Doc. 7. The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them,

in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff claims arise from the following alleged facts. *See* Complaint at 3-5. Plaintiff divorced Defendant Cristina Bennett in 1998. Under the terms of the divorce decree, Plaintiff is allowed to claim his son as his dependent for tax purposes. In 2007, Defendant Internal Revenue Service ("IRS") denied Plaintiff the ability to claim his son as a dependent because Defendant Cristina Bennett filed first and claimed the son as her dependent. Plaintiff alleges that Defendant Cristina Bennett has claimed the son as a dependent for tax purposes twice, but does not give the year for the second time she claimed the son as a dependent. Plaintiff also alleges that he lost "$8,000+" in tax returns as a result of not being able to claim his son as a dependent and that "the IRS never made restitution."

The Court will dismiss Plaintiff's claims against Defendant IRS without prejudice. Plaintiff's claim regarding the IRS' 2007 denial of Plaintiff's ability to claim his son as a dependent appears to be time-barred. *See* 26 U.S.C. § 6511(a) ("Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file

a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid"). Plaintiff does not state when Defendant Cristina Bennett claimed the son as a dependent the second time. Furthermore, although Plaintiff alleges he notified the IRS that Defendant Cristina Bennett violated the divorce decree by claiming the son as a dependent, Plaintiff does not allege that he timely filed a proper administrative claim with the IRS. *See Green v. United States*, 428 Fed.Appx. 863, 867 (10th Cir. 2011) (noting that filing a timely administrative tax refund claim with the IRS is a jurisdictional prerequisite to maintaining a tax refund suit, and citing the regulation that specifies what should be included in a claim and to whom it should be sent).

**Diversity Jurisdictional Amount**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Plaintiff indicates that the Court has diversity jurisdiction over this matter. Subject matter jurisdiction under 28 U.S.C. 1332(a) requires a diversity of citizenship between the parties and an amount in controversy that exceeds $75,000, exclusive of interest and costs. "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1171 (10th Cir. 2011).

Plaintiff has not alleged sufficient facts to convince the Court that the amount in

3

controversy exceeds the jurisdictional floor. Plaintiff alleges that he seeks $8,000.00+ in tax return money and:

> $250,000+ as well as what the court deems for denial of service, instilling fear, fraud, intimidation, abuse of authority, altering and degrading the nature and character of the Federal Government to its citizens and general public in a manner not consistent with the Constitution of the United States, use of intimidation and fear, prejudice and preferential, and unequal treatment by a Branch of the Federal Government the IRS.

Complaint at 3. Plaintiff alleges sufficient facts regarding the $8,000 amount when he states "The $,8,000+ amount is thru an accountant that has done my taxes since 2007." Plaintiff does not, however, allege sufficient facts regarding the $250,000+ amount "to remove my fears and the reestablishment in the rule of law to make me whole." Complaint at 5.

Rule 12(h)(3) of the Federal Rules of Civil Procedure states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991). The Court will dismiss Plaintiff's Complaint without prejudice because Plaintiff did not meet his burden of alleging facts that support jurisdiction. Plaintiff may file an amended complaint within 21 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Compliance with Rule 11**

While the Court will permit Plaintiff to file an amended complaint, he must do so consistent with Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

4

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim, alleges sufficient facts that support jurisdiction, and includes the addresses of every defendant

named in the amended complaint.

**IT IS ORDERED** that Plaintiff's Complaint, Doc. 1, filed February 23, 2016, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

SIGNED on this 18th day of April, 2016.

_____
Robert Junell
Senior United States District Judge