IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN G. BENNETT,

        Plaintiff,

v.                                                  No. 16cv134 RJ/CG

CRISTINA BENNETT and
the INTERNAL REVENUE SERVICE,

        Defendants.

## ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Amended Complaint,[1] Doc. 9, filed May 4, 2016, and on his Appendix to the Amended Complaint, Doc. 10, filed May 4, 2016. For the reasons stated below, the Court will **DISMISS** this case **without prejudice.**

Plaintiff asserted claims against his ex-wife and the Internal Revenue Service based on the following alleged facts. *See* Complaint at 3-5, Doc. 1, filed February 23, 2016. Under the terms of the divorce decree between Plaintiff and his ex-wife, Plaintiff is allowed to claim his son as his dependent for tax purposes. Plaintiff's ex-wife violated the divorce decree by claiming Plaintiff's son as a dependent on her tax return. Consequently, the Internal Revenue Service denied Plaintiff the ability to claim his son as a dependent because Plaintiff's ex-wife filed her tax return claiming Plaintiff's son as a dependent before Plaintiff filed his return. Plaintiff alleges that he lost "$8,000+" as a result of not being able to claim his son as a dependent and that the Internal Revenue Service never made restitution.

The Court dismissed Plaintiff's Complaint without prejudice because: (i) the claims

---

[1] The Clerk's Office docketed Plaintiff's filing as an "Amended Complaint," although Plaintiff does not expressly identify it as such. The Court construes Plaintiff's filing as an "Amended Complaint" because the filing attempts to remedy the jurisdictional defect in the original Complaint.

against the Internal Revenue Service appeared to be time-barred; (ii) Plaintiff did not allege that he filed a timely administrative tax refund claim with the Internal Revenue Service, which is a jurisdictional prerequisite to maintaining a tax refund suit; and (ii) Plaintiff did not allege sufficient facts to show that the amount in controversy exceeds the $75,000.00 required to establish diversity jurisdiction. *See* Mem. Op. and Order, Doc. 8, filed April 20, 2016. The Court explained that Plaintiff has the burden of alleging facts that support jurisdiction and that the Court must dismiss the action if it determines that it lack subject-matter jurisdiction. *See* Doc. 8 at 3-4. The Court allowed Plaintiff to file an amended complaint.

Plaintiff's Amended Complaint addresses the Court's jurisdiction stating: "There is only one court system available to me and others and that is the Federal Court System. There is no diversity of [sic] Jurisdiction." Amended Complaint at 1. Plaintiff states that he "does not use the courts here in the 12th Judicial District because the components that make up the Judicial system are degenerate and the results are perversions of the law such as, there is no such crime as a falsified government document." Amended Complaint at 2. Plaintiff also states that he "can prove that the forces that hold the object known as the Judicial system of the 12th Judicial district are based on family bonds, not the rule of law." Amended Complaint at 2. The rest of the Amended Complaint alleges facts regarding the actions and inactions of the Internal Revenue Service. Plaintiff asks "How else will [the Internal Revenue Service] be held accountable if not in your court." The Appendix to Plaintiff's Amended Complaint consists entirely of notices from the Internal Revenue Service regarding Plaintiff's deficiencies in his income tax, the penalty and interest. *See* Doc. 10.

The Court will dismiss this case without prejudice because the Amended Complaint and

2

the Appendix do not allege facts that support jurisdiction and Plaintiff has not otherwise shown that the Court has jurisdiction over this matter. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Plaintiff does not address the Court's concerns that his claims against the Internal Revenue Service may be time-barred or that the Court may lack jurisdiction of those claims if Plaintiff did not file a timely administrative tax refund claim with the Internal Revenue Service. Plaintiff does not cite any legal authority that otherwise shows the Court has jurisdiction over this matter.

**IT IS ORDERED** that this case is **DISMISSED** without prejudice.

SIGNED on this 4th day of May 2016.

_____
Robert Junell
Senior United States District Judge